## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY MURPHY, SR.** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:24cv385-HSO-BWR** |
| | § | |
| | § | |
| **JOHN MILLER,** *Biloxi Police* | § | |
| *Department Chief, and* **MATTHEW** | § | |
| **BOONE***, Chief Investigator* | § | **DEFENDANTS** |

## ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO SERVE PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)

This matter is before the Court sua sponte. The Court finds that pro se Plaintiff Anthony Murphy, Sr. ("Plaintiff") has failed to timely serve process under Federal Rule of Civil Procedure 4(m). This case should therefore be dismissed without prejudice.

## I. BACKGROUND

On December 23, 2024, Plaintiff filed a Complaint [1] against Defendants John Miller ("Defendant Miller") and Matthew Boone ("Defendant Boone") for civil rights violations under 42 U.S.C. § 1983 regarding the death of his son, Anthony Murphy, Jr., in April 2022. *See* Compl. [1] at 3-5. Plaintiff applied for in forma pauperis status, which was denied because his application was unsigned and missing a page. *See* Order [3] at 2; Mot. [2]. Plaintiff re-applied for in forma pauperis status in February 2025, *see* Mot. [5], and the Magistrate Judge issued a Report and Recommendation [6] recommending denial of the renewed application

because Plaintiff did not financially qualify or fully complete the form.  *See* R. & R. [6] at 3, 5.  While the Report and Recommendation was pending, Plaintiff paid the filing fee on May 29, 2025.  *See* Text Only Order entered May 30, 2025.

Because service of process was delayed pending Plaintiff's in forma pauperis application, the Court extended his time to perfect service on Defendants until September 4, 2025, *see* Order [7] at 1-2, but warned him that "the Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute or obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte," *id.* at 2 (italics in original).  Plaintiff had the Clerk of Court issue a summons for Defendant Miller on August 28, 2025, *see* Dkt. [8], which was later returned unexecuted, *see* Dkt. [19] at 3-4, and the record does not reflect that Defendant Miller waived service.

Plaintiff missed his September 4 deadline, and the Court issued an Order [9] to Show Cause requiring him to "show cause on or before October 8, 2025 why this Court should not dismiss this case without prejudice because of Plaintiff's failure to prosecute and obey the Court's Order [7] to serve and file proof of service on both Defendants by September 4, 2024."  Order [9] at 2 (emphasis omitted).  Plaintiff did not comply with this directive either, and instead filed three Motions.  The first was a one-page, unsigned document essentially seeking default judgment against Defendants.  *See* Mot. [10].  The second was a Motion [11] to Amend the Complaint, requesting that Plaintiff's wife be added to the suit.  *See* Mot. [11]. The third was a Motion [12] for Extension of Time.  *See* Mot. [12].  Plaintiff also had the Clerk of

2

Court issue a summons for Defendant Boone, which was ultimately returned unexecuted, *see* Dkt. [13]; Dkt. [19] at 1-2, and the record does not reflect that Defendant Boone waived service.

On October 22, 2025, the Court entered a Second Order [14] to Show Cause, denying Plaintiff's Motions [10] seeking default judgment and [11] to Amend, but granting the Motion [12] for Extension of Time and setting December 8, 2025, as Plaintiff's deadline to: "(1) respond[] to this Second Order to Show Cause in writing to explain why he has disobeyed two Court Orders; and (2) fil[e] the 'Summons in a Civil Action' (AO 440) for each Defendant with the second page completed by the process server or fil[e] a 'Waiver of the Service of Summons' (AO 399) for each Defendant that is signed by each Defendant or defense counsel." Order [14] at 7-8. Plaintiff was "again warned that because he has failed to serve Defendants and abide by the Court's Orders, this case is subject to dismissal under Federal Rule of Civil Procedure 4(m), Federal Rule of Civil Procedure 41(b), and the Court's inherent authority." *Id.* at 4.

Plaintiff responded to the Second Order [14] to Show Cause on November 17, 2025, *see* Resp. [15], acknowledging that he missed the Court's previous deadlines but maintaining that this was not intentional, *see id.* at 1.  Plaintiff raised essentially three reasons that he believed established good cause for this failure to serve: (1) the fact that he was still grieving the recent death of his son; (2) his failure to obtain legal counsel despite his efforts; and (3) his lack of legal experience. *Id.* at 1-2.  Plaintiff also "request[ed] additional time to perfect service on all

3

defendants" in the amount of a 60-day extension. *Id.* at 2.  On the same date as his Response [15], Plaintiff also filed a Motion [16] to allow his wife to assist him in the prosecution of the case.  *See* Mot. [16].  He did not file proofs of service for either Defendant by the December 8 deadline.

On February 18, 2026, Plaintiff filed a Motion [17] for Default Judgment against the "City of Biloxi Police Department and Police Chief Jon Miller," *see* Mot. [17], which the Clerk of Court declined to enter "because the record does not reflect service of process upon defendant John Miller and because the City of Biloxi Police Department is not a party to the lawsuit," Dkt. [18].  More recently, Plaintiff again had summonses issued for Defendants Boone and Miller, *see* Dkt. [20], but that does not change the fact that he has never timely served Defendants despite receiving multiple extensions of time in which to do so.  In sum, it has now been over 450 days since the case was initiated, and Plaintiff has still not filed a proof of service on either Defendant.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "[P]roof of service must be made to the court," Fed. R. Civ. P. 4(l)(1), and "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure," *Thrasher v.*

4

*City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (footnote omitted); *see also*

*Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)

("Pro se status does not excuse a litigant's complete failure to effect service.").

Here, the record indicates that Defendants have never been properly served

within the 90-day period under Rule 4(m).  Moreover, Plaintiff did not file proofs of

service by any of the deadlines set by the Court.  *See* Order [7]; Order [9]; Order

[14].  With respect to the most recent deadline, Plaintiff requested an additional 60-

day extension to complete service of process and argued that he had good cause for

the repeated delays.  *See* Resp. [15] at 2.  The Court disagrees.  Plaintiff's lack of

legal expertise does not excuse his obligation to comply with the Federal Rules of

Civil Procedure.  *See Thrasher*, 709 F.3d at 512.  And his son's death, although

tragic, likewise does not extinguish this duty; especially in light of the multiple

extensions he has previously received.  *See G.G.G. Pizza, Inc. v. Domino's Pizza,*

*Inc.*, No. CV 97-4690 (DRH), 2001 WL 37132674, at *2 (E.D.N.Y. July 1, 2001)

("[R]ecognition of illness or death in the family as 'good cause' to delay compliance

with [Rule 4(m)] would tread a perilous path." (quotation omitted)).

Regardless, well over 60 days have passed since the expiration of the

December 8 deadline and Defendants remain unserved.  In fact, the record is devoid

of any evidence whatsoever that Defendants have been properly served since the

Complaint [1] was filed more than 450 days ago.  Plaintiff has not timely served

Defendants, and this case should be dismissed.  *See* Fed. R. Civ. P. 4(m); *Anderson*

*v. Wells Fargo Bank*, No. 2:15-CV-88-KS-MTP, 2016 WL 11477348, at *2 (S.D. Miss.

June 28, 2016) ("Because [p]laintiff has failed to serve process in compliance with Rule 4 despite several notices by the court that such failure may result in a dismissal, and has failed to demonstrate good cause to justify further delay, dismissal is appropriate under Federal Rule of Civil Procedure 4(m)."), *report and recommendation adopted*, No. 2:15-CV-88-KS-MTP, 2016 WL 4094909 (S.D. Miss. Aug. 2, 2016).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve process under Federal Rule of Civil Procedure 4(m).

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE